**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ORLANDO MCNEIL,** *Petitioner,* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-7588** |
| **FACILITY MANAGER THOMAS MCGINLEY, *et al.*,** *Respondents* | : | |

# ORDER

**AND NOW**, this 6th day of November 2026, upon consideration of the *Report and Recommendation* issued on October 19, 2026, by the Honorable Lynne A. Sitarski, United States Magistrate Judge (the "Magistrate Judge"), (ECF 8), to which no objections were filed[1] by Petitioner Stephen H. Zuber ("Petitioner"), and after a careful and independent review of the record, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;[2]
2. The petition for writ of *habeas corpus* is **DENIED**, with prejudice;
3. There is no probable cause to issue a certificate of appealability; and
4. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] The Report and Recommendation notified Petitioner that he had fourteen (14) days from the date of its service to file any objections. (ECF 8). The document was mailed to Petitioner on October 20, 2026. As of the date of this Order, Petitioner has not filed any objections and the time to do so has expired.

[2] The Report and Recommendation, ("R&R"), recommends that Petitioner's *habeas* petition be dismissed as untimely because it was filed more than eleven (11) years after the federal statute of limitations had expired and, further, was not subject to statutory or equitable tolling. (ECF 8). As noted, Petitioner did not file any objections and/or response to the R&R. Therefore, in the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003) (citations omitted). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] substantial rights, and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted) (alteration in original). Here, after a thorough, independent review of the record and the R&R, this Court finds that the Magistrate Judge carefully considered the Petition, did not commit any error and, therefore, approves and adopts the R&R in its entirety.